# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| DAVID T. HARMON , <br><br> Plaintiff, <br><br> v. <br><br> DIVERSIFIED ADJUSTMENT SERVICE, INC., <br><br> Defendant, | CIVIL COMPLAINT <br><br> CASE NO. 4:21-cv-01407 <br><br> DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW comes DAVID T. HARMON ("Plaintiff"), by and through his undersigned attorney, complaining as to the conduct of DIVERSIFIED ADJUSTMENT SERVICE, INC ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, and the Texas Debt Collection Act ("TDCA") pursuant to Tex. Fin. Code Ann. § 392, for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Southern District of Texas a substantial portion of the events that gave rise to this action occurred within the Southern District of Texas.

## PARTIES

4. Plaintiff is a consumer over 18 years-of-age residing within the Southern District of Texas.

5. Defendant is a collection agency that "has been successfully providing third-party debt collection services and receivable management solutions to America's leading companies since 1981."[1] Defendant is a corporation organized under the laws of the state of Minnesota with its principal place of business located at 600 Coon Rapids Boulevard, Minneapolis, Minnesota 55433.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, third-party contractors, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

7. The instant action arises out of Defendant's attempts to collect upon a defaulted telecommunications bill ("subject debt") that Plaintiff purportedly owed to Verizon Wireless ("Verizon").

8. Around February 2021, Plaintiff began receiving calls to his cellular phone, (832) XXX-9771, from Defendant.

9. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in -9771. Plaintiff is and always has been financially responsible for the cellular phone and its services.

---

[1] https://diversifiedadjustment.com/about/

10. Defendant has primarily used the phone number, (346) 201-4879 when placing calls to Plaintiff's cellular phone in attempt to collect on the subject debt. Upon information and belief, Defendant has used other numbers as well.

11. Upon information and belief, the above aforementioned phone number is regularly utilized by Defendant during its debt collection activity.

12. Upon speaking with one of Defendant's representatives, Plaintiff was informed that it was attempting to collect on the subject debt.

13. Subsequently, Plaintiff was confused as to how Defendant is claiming he has a balance around $1,200 when he thought his account was paid in full and up to date.

14. As a result of the onslaught of phone calls and Plaintiff's confusion as to the creation of the debt, Plaintiff demanded that Defendant stop calling and that he would contact Verizon directly to handle his account.

15. Notwithstanding Plaintiff's demands, Defendant knowingly continued placing relentless phone calls seeking collection of the subject debt.

16. In a conversation with a male representative of Defendant, Plaintiff was told that Defendant knows that he's asked them to stop, but the phone calls will continue until Plaintiff satisfies the subject debt.

17. Defendant persistently placed anywhere from 2 to 3 phone calls per day to Plaintiff, frequently placing such calls in short succession.

18. Defendant's relentless and unfair phone calls attempting to collect upon the subject debt have continued up until the present.

19. Plaintiff has received not less than 30 phone calls from Defendant since asking it to stop calling.

20. Frustrated, confused, upset, and distraught over Defendant's conduct, Plaintiff spoke with his undersigned attorney regarding his rights, resulting in exhausting time and resources.

21. Plaintiff has been unfairly and unnecessarily harassed, abused, misled, and deceived by Defendant's actions.

22. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, aggravation that accompanies collection telephone calls, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of his telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on his cellular phone, diminished space for data storage on his cellular phone, feeling harassed by Defendant's rude and demeaning behavior, invasion of privacy, anxiety, and emotional distress stemming from Defendant's conduct.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

23. Plaintiff repeats and realleges paragraphs 1 through 22 as though fully set forth herein.

24. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

25. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because they regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

26. Defendant identifies themselves as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

27. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

### a. Violations of FDCPA §1692d

28. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." §1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

29. Defendant violated §1692d and d(5) when it repeatedly called Plaintiff. Defendant called Plaintiff numerous times throughout the day, with such repeated calls often coming in short succession. This repeated behavior of systematically calling Plaintiff's cellular phone was harassing and abusive. The fact Defendant persisted in its efforts despite Plaintiff's demands the calls stop underscores Defendant's intent to harass Plaintiff. The frequency and nature of calls shows that Defendant's goal was to annoy and harass Plaintiff into satisfying the subject debt.

### b. Violations of FDCPA § 1692e

30. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

31. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

32. Defendant violated §§ 1692e, and e(10) through its deceptive conduct of knowingly continuing to place phone calls to Plaintiff's cellular phone when it clearly did not have the consent to do so under rule of Law. By attempting to force Plaintiff into payment of the subject debt,

5

Defendant deceptively and misleadingly attempted to force Plaintiff into payment of the subject debt.

### c. Violations of FDCPA § 1692f

33. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

34. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on the subject debt by continuously calling Plaintiff's cellular phone. Attempting to coerce Plaintiff into payment by placing voluminous phone calls is unfair and unconscionable behavior. These means employed by Defendant only served to worry and confuse Plaintiff.

35. Defendant further violated § 1692f when it unfairly threatened Plaintiff that they would continue calling him in addition to Defendant's representative acknowledging that he knows Plaintiff demanded that the calls stop.

36. As pled above, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, DAVID T. HARMON, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

 f. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

37. Plaintiff restates and realleges paragraphs 1 through 36 as though fully set forth herein.

38. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

39. Defendant is "debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6).

40. The subject debt is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

 a. **Violations of TDCA § 392.302**

41. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.302(4), states that "a debt collector may not oppress, harass, or abuse a person by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number."

42. Defendant violated the TDCA when it knowingly continued to call Plaintiff's cellular phone at a harassing rate and after Plaintiff demanded that the phone calls stop. The repeated contacts were made with the hope that Plaintiff would succumb to the harassing behavior and ultimately submit a payment. Rather than understanding Plaintiff's situation, Defendant continued in its harassing campaign of phone calls in hopes of extracting payment.

 b. **Violations of TDCA § 392.304**

43. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.304(19) prohibits a debt collector from "using any . . . false representation or deceptive means to collect a debt or obtain information concerning a consumer."

44. Defendant violated the TDCA through its deceptive conduct of knowingly continuing to place phone calls to Plaintiff's cellular phone when it clearly did not have the consent to do so under rule of Law. By attempting to force Plaintiff into payment of the subject debt with unconsented phone calls, Defendant deceptively and misleadingly attempted to force Plaintiff into payment of the subject debt.

WHEREFORE, Plaintiff, DAVID T. HARMON, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);

c. Awarding Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

d. Awarding Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;

e. Awarding Plaintiff costs and reasonable attorney fees, pursuant to Tex. Fin. Code Ann. § 392.403(b);

f. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

g. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: April 29, 2021　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　s/ Nathan C. Volheim (Lead Attorney)
　　　　　　　　　　　　　　　　　　　　Nathan C. Volheim, Esq. #6302103
　　　　　　　　　　　　　　　　　　　　*Counsel for Plaintiff*
　　　　　　　　　　　　　　　　　　　　Sulaiman Law Group, Ltd.
　　　　　　　　　　　　　　　　　　　　2500 South Highland Ave., Suite 200
　　　　　　　　　　　　　　　　　　　　Lombard, Illinois 60148
　　　　　　　　　　　　　　　　　　　　(630) 568-3056 (phone)
　　　　　　　　　　　　　　　　　　　　(630) 575-8188 (fax)
　　　　　　　　　　　　　　　　　　　　nvolheim@sulaimanlaw.com